UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TOMMY D. SHARP                                                    PLAINTIFFS


v.                                    CIVIL ACTION NO. 3:09-CV-00429-CRS


AKER PLANT SERVICES GROUP, INC.                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for jury trial (DN 33) filed by Plaintiff

Tommy D. Sharp ("Sharp") against Defendant Aker Plant Services Group, Inc. ("Aker"). For the

reasons set forth below, the Court will grant the motion for jury trial.

## DISCUSSION

Rule 38 of the Federal Rules of Civil Procedure provides that on any issue triable of right

by a jury, a party may demand a jury trial by: 1) serving the other parties with a written demand

no later than 14 days after the last pleading directed to the issue is served; and 2) following the

filing requirements of Rule 5(d). Fed. R. Civ. P. 38(b). "A party waives a jury trial unless its

demand is properly served and filed." Fed. R. Civ. P. 38(d). Because it is undisputed that Sharp

did not properly serve or file his demand in accordance with Rule 38, Sharp waived his right to a

jury trial. Pursuant to Rule 39, however, "the court may, on motion, order a jury trial on any

issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

On August 22, 2013, Sharp filed a motion for jury trial, to which Aker has strongly

objected. While acknowledging that more than four years have elapsed since the expiration of

Fed. R. Civ. P. 38's 14-day period for demanding a jury trial, Sharp argues that "[t]here are no

compelling reasons to deny a jury trial in this case" because Aker has failed to establish that it

would suffer prejudice as a result. (Mot. for Jury Trial, DN 33, at 1). In response, Aker argues that the Court should deny the motion for jury trial because "Sharp… offers no explanation at all for his failure to request a jury trial within the fourteen-day period mandated by Rule 38" and because Aker "has reasonably relied on the absence of a jury demand in planning and executing its litigation strategy over the past four years." (Resp. to Mot. for Jury Trial, DN 38, at 1). Specifically, Aker claims it will suffer prejudice because it "prepared for and participated in a private mediation" and "made two Rule 68 offers of judgment to opposing counsel" "on the assumption that the case would be resolved with a bench trial." (Resp. to Mot. for Jury Trial, DN 38, at 5).

This Court has broad discretion in ruling on a Rule 39 motion, and that discretion should be "exercised in favor of granting a jury trial where there are no compelling reasons to the contrary." *Moody v. Pepsi–Cola Metro. Bottling Co.*, 915 F.2d 201, 207 (6th Cir. 1990) (citation omitted). Although courts have declined to grant a jury trial where counsel fails to articulate a compelling reason for the failure to make a jury demand, *see Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986), the Court will grant Sharp's motion because a jury trial will not result in any significant prejudice to the defendants. To begin with, this case has never been assigned a date for trial. Moreover, Aker's argument that a jury trial would result in prejudice because it mediated the case based on the assumption of a bench trial is inapposite. If Aker truly believes it would have pursued an alternative mediation strategy had it known the case would be tried by a jury, the Court would certainly be willing to schedule another mediation. Similarly, the fact that Aker prepared its Rule 68 offers of judgment in anticipation of a jury trial is insufficient to deny Sharp his fundamental right to a jury trial because such offers may be made up to 14

days prior to the date set for trial. Fed. R. Civ. P. 68(a). For these reasons, the Court concludes that Aker would not suffer prejudice as a result of a jury trial

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the motion for jury trial (DN 33) is **GRANTED**.